# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:19-CV-00126-DSC

| | |
|---|---|
| **ROBERT MARKLE,** | ) |
| Plaintiff, | ) |
| | ) |
| | ) **MEMORANDUM AND ORDER** |
| | ) **OF REMAND** |
| v. | ) |
| | ) |
| **ANDREW SAUL,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and Defendant's "Motion for Summary Judgment" (document #12), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will <u>grant</u> Plaintiff's Motion for Summary Judgment; <u>deny</u> Defendant's Motion for Summary Judgment; <u>reverse</u> the Commissioner's decision; and <u>remand</u> this matter for further proceedings consistent with this Memorandum and Order.

# I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on April 12, 2019. He assigns error to the Administrative Law Judge's formulation of his Residual Functional Capacity ("RFC"),[1] and specifically to the ALJ's failure to account for his "marked" limitation in his ability to interact with others. See Plaintiff's "Memorandum ..." at 2, 4-6 (document #10).

# II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. **DISCUSSION OF CLAIM**

The question before the ALJ was whether Plaintiff became disabled at any time.[2] Plaintiff challenges the ALJ's determination of his RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. See also Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016) ("an ALJ must build an accurate and logical bridge from the evidence to his conclusions.") (internal quotations omitted); Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (it is "not our province –nor the province of the district court – to engage in these [fact-finding] exercises in the first instance.").

The ALJ found that Plaintiff was limited to a reduced range of light work with numerous

mental limitations. They include a restriction to simple tasks, adapting to only routine changes in the work setting, no public interaction and only occasional interaction with co-workers or supervisors. (Tr. 20). He also found that Plaintiff suffered from a "marked limitation" in his ability to interact with others. (Tr. 19). The ALJ questioned the Vocational Expert regarding the impact of a "substantial loss or marked loss in his ability to perform at least one of the basic mental demands that are required by unskilled work and I assume I don't need to list those demands for you." (Tr. 83). The V.E. responded that if in addition to the ALJ's previous hypothetical (which became the RFC) Plaintiff suffered from such a marked loss, he would be unemployable. Id.

Without further discussion at the hearing, the ALJ found Plaintiff capable of performing the jobs of marker, routing clerk and photocopy machine operator (Tr. 28) despite the V.E.'s testimony. This inconsistency is not resolved in the ALJ's decision.

Defendant argues that "[t]he ALJ's finding of marked limitation in the area of interacting with others does not necessarily indicate or mean that Plaintiff had a marked loss in his ability to respond appropriately to supervision (or supervisors) and coworkers." Defendant's "Memorandum …" at 6 (document #13) (emphasis added). Defendant invites the Court to find that "[c]ontext supports the understanding that a rating of marked limitation in the area as a whole does not necessarily indicate or mean that the claimant has marked limitation in his ability to perform every (or any given) activity that is encompassed by the area." Id.

The Court declines to reconsider the evidence or speculate as to the ALJ's analysis. Monroe, 826 F.3d at 179 ("an ALJ must build an accurate and logical bridge from the evidence to his conclusions.") (internal quotations omitted); Radford, 734 F.3d at 296 (it is "not our province –nor the province of the district court – to engage in these [fact-finding] exercises in the first

5

instance.").

The Court concludes that this matter must be remanded for a new hearing. By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #9) is **GRANTED**; Defendant's "Motion for Summary Judgment" (document #12) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[3]

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: January 7, 2020

**SO ORDERED.**

David S. Cayer
United States Magistrate Judge

---

[3] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).